UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 07-267-JBC**

**JANE DOE,** **PLAINTIFF,**

**V.**     **MEMORANDUM OPINION AND ORDER**

**UNITED STATES DEPARTMENT
OF JUSTICE, ET AL.,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion for leave to file under seal and for relief from the order dated September 28, 2007. DE 17. The court, having reviewed the record and being otherwise sufficiently advised, will grant both motions.

The defendants propose that they "be permitted to file, under seal, their proposed motion to dismiss or, in the alternative, for summary judgment, including all exhibits thereto" as well as "any reply they may seek to file in support of their proposed motion to dismiss or, in the alternative, for summary judgment, incluidng all exhibits thereto." DE 17, 1. The defendants also request they be granted relief from the order dated September 28, 2007, to the extent that if the aforementioned motion "requires disclosure to the Clerk's Office of the transcript of March 21, 2006, in *Beaven v. U.S. Department of Justice*, No. 5:03-cv-00084 (E.D. Ky.), no member of that office shall be required to sign the acknowledgment prescribed by

1

the order dated September 28, 2007." DE 17, 1.

The plaintiff does not object to the court's granting the requested partial relief from the order dated September 28, 2007, so long as any tendered sealed documentation is so identified. DE 18, 1-2. Therefore, the court will grant the requested relief and instruct the defendants to identify appropriately any sealed documents tendered to the Clerk's Office pursuant to this order.

The plaintiff also does not object to the filing under seal of exhibits to the defendants' proposed motion and any reply thereto. The plaintiff also requests, without citing any authority beyond rules of procedure generally dealing with the balance between privacy concerns and the desirability of open proceedings, that, unless it is impossible, "the Court should direct Defendants to present their dispositive motion and supporting reply memoranda in publicly filed pleadings that maintain, as private, Plaintiff Doe's identity, and make reference to 'sealed' information only by referring to the 'sealed' documents, which themselves may be submitted 'under seal' as attachments or exhibits to their pleadings." DE 18, 3-4 (citing FED. R. CIV. P. 5.2). Moreover, in her proposed order, the plaintiff asks that the court specify "Defendants may file their dispositive motion and supporting or reply memoranda with respect thereto, in publicly filed pleadings taking care not to identify Plaintiff Jane Doe or any sensitive or 'sealed' information concerning her, other than by general discussion, in their publicly filed motion or memoranda." DE 18-1, 2.

"The fundamental requisite of due process of law is the opportunity to be heard," *Grannis v. Ordean*, 234 U.S. 385, 394 (1914) (citations omitted), and "[d]ue process requires that there be an opportunity to present every available defense." *Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 168 (1932) (citation omitted). The court is mindful of the general undesirability of conducting litigation under seal but the court finds that not allowing the defendants to file their motion under seal and also restricting them to "general discussion" of important matters in this case would infringe on their due process rights.  Accordingly,

**IT IS ORDERED** that the defendants' motion, DE 17, is granted.  The defendants shall be permitted to file under seal their proposed motion to dismiss or, in the alternative, for summary judgment, including all exhibits thereto, and also any reply in support of said motion, including all exhibits thereto.  The defendants are also granted leave from the court's order dated September 28, 2007, to the extent that members of the Clerk's Office of either the Eastern District of Kentucky or the Sixth Circuit Court of Appeals shall not be required to sign the acknowledgment prescribed by that order so long as tendered sealed documents are identified appropriately.

Signed on  February 5, 2008

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY